**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DARREN WILSON, #N95724,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**WEXFORD HEALTH SOURCES, INC.,** )<br>**ILLINOIS DEPT. of CORRECTIONS,** )<br>**DR. P. MYERS,** )<br>**and DR. STEPHEN RITZ,** )<br>)<br>**Defendants.** ) | Case No. 20-cv-394-SPM |

# MEMORANDUM and ORDER

**McGLYNN, District Judge:**

Plaintiff Darren Wilson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants were deliberately indifferent to his need for treatment of a painful shoulder condition. He seeks injunctive relief and monetary damages. (Doc. 1, p. 10).

This case is now before the Court for a preliminary merits review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): He has a "chronic pec major tear and rotator cuff tearing" in his left shoulder. (Doc. 1, pp. 5, 12-14). On August 22, 2018,

1

Plaintiff was sent to an outside orthopedic surgeon who gave him a pain injection and recommended supervised physical therapy. The surgeon noted that if Plaintiff failed to improve in several months an MRI scan could be considered. (Doc. 1, p. 5). Back at the prison, Dr. Myers ordered physical therapy, which Plaintiff did daily from August to November 2018. At that point the injected medicine had worn off and Plaintiff could not do the physical therapy exercises or perform tasks like taking off or putting on a shirt without considerable pain. (Doc. 1, pp. 5-7).

Plaintiff asked Dr. Myers for another pain injection, but he and Dr. Ritz denied that treatment on November 28, 2018. (Doc. 1, pp. 6, 19). They sought the physical therapist's opinion on what therapy Plaintiff could do without the pain injection. Myers and Ritz forced Plaintiff to continue the physical therapy in December 2018 and January 2019 (for 12 more weeks) without that pain relief. (Doc. 1, pp. 6-7, 9). The physical therapist recommended Plaintiff be sent back to the orthopedic surgeon as he had not improved and had poor potential for improvement because of his pain. (Doc. 1, pp. 7, 18).

In September 2019, Dr. Myers noted Plaintiff had a possible rotator cuff tear, but still refused to send him for an MRI and follow-up with the surgeon. (Doc. 1, p. 8). In February 2020 Myers ordered an x-ray but a provider had previously noted an MRI would be needed to evaluate for a rotator cuff tear because of the condition of Plaintiff's humerus. (Doc. 1, pp. 8, 24-25). Plaintiff continues to suffer shoulder pain.

Plaintiff alleges that Wexford Health Sources, Inc. ("Wexford") and the IDOC have policies to provide inmates with medical care, but Wexford is trying to save money by denying him treatment. (Doc. 1, pp. 8-9).

## Discussion

Based on the allegations in the Complaint, the Court designates the following claims in

this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claims against Myers and Ritz for denying Plaintiff pain relief, follow-up treatment, and diagnostic testing as recommended by his orthopedic surgeon for his shoulder condition.
>
> Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Wexford for causing his requests for medical treatment of his shoulder to be denied under its money-saving policy.
>
> Count 3: Eighth Amendment deliberate indifference to serious medical needs claim against the IDOC based on other Defendants' denial of medical care for his shoulder.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

## Count 1

Prison medical providers violate the Eight Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant was deliberately indifferent to his condition. *Id. See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). An Eighth Amendment claim may be stated where a prison doctor persists in a course of treatment known to be ineffective, fails to order further testing or refuses to refer the inmate to a specialist. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (doctor continued ineffective treatment and refused to order endoscopy or specialist referral over a two-year period during which plaintiff suffered from ulcer).

Here, Plaintiff alleges that Dr. Myers and Dr. Ritz were aware of his shoulder condition and the pain it caused, yet refused to approve the injection which had previously relieved the pain, failed to provide other adequate pain relief, and failed to send him for the follow-up testing suggested by the surgeon and physical therapist. At this early stage, Plaintiff's Eighth Amendment deliberate indifference claims against Myers and Ritz are not subject to dismissal, thus Count 1 shall proceed for further consideration.

Further, to the extent that Plaintiff seeks injunctive relief, the Court **ADDS** Jeff Dennison (Pinckneyville Warden), in his official capacity only, for the purpose of implementing any relief awarded. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

### Count 2

Defendant Wexford is a corporation that employs Defendants Myers and Ritz and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff has alleged that the denial of his request for an MRI and follow-up consultation with the orthopedic

surgeon was a result of Wexford's official policy to save money by denying medical care to inmates. Therefore, Plaintiff's claim against Defendant Wexford will not be dismissed at this stage.

**Count 3**

Plaintiff fails to state a cognizable claim against the IDOC. He alleges only that the "IDOC ha[s] a policy to provide medical care to all inmates in the Department of Correction." (Doc. 1, p. 9). He does not assert that he was denied medical care because of any policy promulgated by the IDOC. Even if he had, he cannot obtain money damages against a state governmental entity such as the IDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). Further, the IDOC cannot be held liable under a theory of supervisory liability, because this doctrine is not applicable in a civil rights action. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (the doctrine of *respondeat superior* does not apply to § 1983 actions). Accordingly, Count 3 and the IDOC shall be dismissed from this action.

**Request for Preliminary Injunction**

Plaintiff asks the Court to issue a preliminary and permanent injunction ordering Defendants to provide him with specific medical care. (Doc. 1, p. 10). However, he has not filed a separate motion for a preliminary injunction or set forth the reasons he is entitled to immediate relief under Rule 65(a) of the Federal Rules of Civil Procedure.

To obtain preliminary injunctive relief, a plaintiff must establish that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). If a plaintiff establishes these three elements, the Court must then

balance the harm to each party and to the public interest from granting or denying the injunction. *Id.* at 662. Mandatory preliminary injunctions – those requiring an affirmative act – are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)).

Plaintiff's Complaint does not meet the three basic elements which must be established before the Court will consider whether to grant preliminary injunctive relief. Accordingly, his request for a preliminary injunction is **DENIED** at this time without prejudice. If Plaintiff wishes to formally request a preliminary injunction while this action is pending, he must file a separate motion and brief pursuant to Rule 65. In the motion and supporting brief, he should specifically indicate the interim relief he seeks and the grounds that support his request for relief.

### Disposition

**IT IS HEREBY ORDERED** that portions of the Complaint (Doc. 1) survive preliminary review pursuant to 28 U.S.C. § 1915A and shall proceed as follows: **COUNT 1** shall proceed against P. Myers and Stephen Ritz. **COUNT 2** proceeds against Wexford Health Sources, Inc. The Clerk is **DIRECTED** to add Jeff Dennison (Pinckneyville Warden) to the docket, in his official capacity only, for the purpose of implementing any injunctive relief awarded.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** from the action without prejudice. Defendant Illinois Department of Corrections is **DISMISSED** from the action without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** this party from the case.

The Clerk of Court shall prepare for Defendants **WEXFORD HEALTH SOURCES, INC., P. MYERS, STEPHEN RITZ,** and **JEFF DENNISON (Official Capacity Only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6

(Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: December 23, 2020**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.